IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN LEONARD FADELEY,

    Plaintiff,

v.                                                                     Civil Action No. 1:17-CV-129

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

**I.  INTRODUCTION**

On July 24, 2017, the Plaintiff, John Leonard Fadeley, filed a Complaint against the Defendant, Commissioner of Social Security, challenging the decision of the Defendant denying Plaintiff supplemental disability insurance benefits (DIB). ECF No. 1. In response, the Defendant filed a Motion to Dismiss. ECF No. 17. In its Motion to Dismiss, the Defendant argues that Plaintiff's Complaint should be dismissed as untimely. The Plaintiff filed a response to the Defendant's Motion to Dismiss arguing that he was inhibited by the clerk's office in his effort to file a timely complaint.

The Court set an evidentiary hearing for April 25, 2018, to address the Plaintiff's when he received the notice of final denial letter from the Appeals Council and his claim that he was inhibited by the clerk's office in his effort to file a timely complaint. The Plaintiff appeared for the hearing by phone. The Defendant appeared by counsel, Helen Campbell Altmeyer, Esq. The Plaintiff testified on his behalf, as did his brother-in-law, David Tabb. For the reasons that follow, the Court recommends the Defendants Motion to Dismiss be denied.

## II.   FINDINGS OF FACT

The Plaintiff applied for DBI. After a hearing, an Administrative Law Judge denied Plaintiff's request on February 13, 2017. The Appeals Council denied Plaintiff's request for review by way of a letter. Although the letter from the Appeals Council was dated May 15, 2017, the Plaintiff did not receive the letter until May 23, 2017. The Appeals Council's letter informed the Plaintiff that should he want to challenge the decision; an appeal must be filed in the United States District Court for the judicial district in which Plaintiff resides. The letter further stated the appeal must be filed within sixty (60) days, beginning with the day after receiving the letter.

Mr. Tabb went to the Martinsburg, West Virginia point of holding court on July 18, 2017, to file the Plaintiff's appeal. Mr. Tabb was not allowed to file the appeal because he did not have the social security record of the case. Mr. Tabb again tried to file the appeal on July 21, 2017, and was again denied, this time because of some necessary paperwork not being signed in the presence of a notary. The appeal was ultimately filed on July 24, 2017.

## III.   DISCUSSION

The Defendant argues that the Plaintiff's complaint was not timely filed. A civil action may be initiated after the Plaintiff receives notification of the final decision of the Defendant denying benefits, and must be commenced within sixty days. 42 U.S.C. § 405(g). The Appeals Council's letter to Plaintiff states that "[t]he 60 days start the day after you receive this letter." ECF No. 1-2 at 3. While the letter also states that the Defendant will "assume you received this letter 5 days after the date on it", this assumption is rebuttable.

The Defendant argues Plaintiff's sixty day clock started on May 20, 2017 because the Appeals Council presumed the Plaintiff received their letter by that date. They presumed this

because the letter was dated May 15, 2017, and the letter states that the Appeals Council presumes it received within five days.  This, Defendant argues, would have made Plaintiff's deadline for filing July 19, 2017, five days before the action was filed.  However, the uncontroverted testimony at the evidentiary hearing was that the Plaintiff did not receive the letter from the Appeals Council until May 23, 2017.  Accordingly, the Court will proceed under the presumption that the sixty day clock did not start until May 24, 2017, the day after the evidence establishes the Plaintiff received the letter.

Sixty days from May 24, 2017, would have been July 23, 2017, which was a Sunday. When the last day for filing falls on a Sunday, the period for filing "is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday . . ." Fed. R. Civ. P. 6(a)(3), LR Gen. P. 5.09.  Accessible days are defined as days when the clerk's office is available. *Id*.  In this instance, since the filing deadline fell on a Sunday, the deadline for filing would be extended to the following Monday, which was July 24, 2017.  The Plaintiff filed this action on July 24. 2017.  Therefore, the action is not untimely.  The Court does not need to reach the issue of equitable tolling.

IV.     **RECOMMENDATION**

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations.  Accordingly, the Court **RECOMMENDS THAT** the Defendant's [ECF No. 17] Motion to Dismiss be **DENIED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATE: April 26, 2018                    /s/ *James E. Seibert*
                                        JAMES E. SEIBERT
                                        U.S. MAGISTRATE JUDGE