IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN LEONARD FADELEY,

    Plaintiff,

v.   CIVIL ACTION NO.: 1:17-CV-129 (KLEEH)

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

# REPORT AND RECOMMENDATION

## I. Introduction

This case arises from the denial of Plaintiff, John Leonard Fadeley's ("Plaintiff") application for Disability Insurance Benefits ("DIB"), made pursuant to Title II of the Social Security Act. After Plaintiff's application proceeded through the administrative process, a United States Administrative Law Judge, Brian Crockett ("ALJ"), concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff's request for review by Appeals Council was denied, making the ALJ's decision, the final decision of Defendant, Nancy A. Berryhill ("Commissioner"), acting Commissioner of Social Security. Plaintiff seeks judicial review of the Commissioner's decision.

The undersigned has considered the parties' briefs[1] and the record on appeal. The facts and legal arguments are adequately presented. Accordingly, the undersigned has determined that the decisional process would not be significantly aided by oral argument. Therefore, the recommendations of the undersigned are set forth below.

---

[1] Plaintiff filed a response to Defendant's Motion for Summary Judgment, which the undersigned has considered as Plaintiff's Motion for Summary Judgment.

## II.     Factual/Procedural History

On August 12, 2014, Plaintiff filed an application for DIB, which application alleged a disability beginning November 19, 2010. R. 189-90. Plaintiff's application was denied initially on November 7, 2014 and upon reconsideration on or about March 2, 2015. R. 54-60; R. 61-68.

An administrative law hearing was held on January 10, 2017, during which Plaintiff and his representative, David Tabb (Plaintiff's brother-in-law) appeared in Morgantown, WV, before Administrative Law Judge, Brian Crockett ("ALJ"). R. 33-53. On February 13, 2017, the ALJ entered a decision finding Plaintiff had not been under a disability at any time from November 19, 2010, the alleged onset date, through June 30, 2013, the date last insured. R. 15-19.

On July 24, 2017, Plaintiff timely filed his Complaint, objecting to the final decision of the Commissioner and seeking reversal of the ALJ's adverse decision. ECF No. 1. Defendant filed an Answer on March 5, 2019.[2] ECF No. 60. A copy of the Social Security Administrative Record was filed contemporaneously with Defendant's Answer. ECF No. 61. On May 6, 2019, Defendant filed a Motion for Summary Judgment and Memorandum in Support. ECF Nos. 75 and 76. On May 17, 2019, Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment.[3] ECF No. 79.

According to his application for Social Security disability insurance benefits, Plaintiff claims that the following medical conditions render him disabled pursuant to the Social Security Act: an inability to walk and cirrhosis of the liver. R. 202.

---

[2] The procedural history prior to the filing of Defendant's Answer is lengthy and complicated, and not relevant for our purposes. Therefore, for the sake of brevity, the same has been omitted.
[3] See footnote #1.

### III. ALJ Decision

#### A. The Five-Step Evaluation Process

In determining whether Plaintiff is disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. The first step in the process is to determine whether a claimant is currently engaged in substantial gainful activity. § 404.1520(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. § 404.1520(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). § 404.1520(d). If impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (hereinafter "RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. § 404.1520(e). After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. § 404.1520(f). If the claimant does not have the RFC to do his past relevant work, then he has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's age, education, and work experiences. § 404.1520(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

### B. ALJ Findings

The ALJ's findings are succinctly set forth in his decision dated February 13, 2017, which provides as follows: Plaintiff's was last insured on June 30, 2013. He did not engage in substantial gainful activity from his alleged onset date of November 19, 2010, through his last insured date of June 30, 2013. Through Plaintiff's last date insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. Finally, Plaintiff was not under a disability as defined by the Social Security Act at any time from November 19, 2010, the alleged onset date, through June 30, 2013, the last date insured. R. 15-19.

## IV. Motions for Summary Judgment

### A. The Standards

#### 1. Summary Judgment

Summary Judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but…must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### 2. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. § § 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (internal citations and quotations omitted). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. § § 405(g), 1383(c)(3). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), *overruled by implication on other grounds* by *Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

### B. Arguments of the Parties

### 1. Defendant's Arguments

Defendant contends that Plaintiff has failed to furnish any medical evidence that Plaintiff's alleged disability arose prior to his date last insured. Defendant argues that, therefore, the Court should affirm the ALJ's decision. ECF No. 76 at p. 7.

Defendant also argues that the Court should affirm the Appeals Council's decision because, although Plaintiff submitted new evidence, the Appeals Council correctly found that the

new evidence did "not show a reasonable probability that it would change the outcome of the decision." ECF No. 76 at p. 8.

### 2. Plaintiff's Arguments

On appeal, Plaintiff argues that both Defendant and the Court have denied the Plaintiff his Constitutional Rights of Due Process. ECF No. 79 at p. 1. Specifically, Plaintiff claims to have requested clarification of what the 'date last insured' means for purposes of Social Security disability insurance determinations, but that Defendant has not responded.

Plaintiff further contends that additional medical evidence was provided but not entered into the record below. Plaintiff claims this also violates his rights to due process. Finally, Plaintiff argues that the issue of insurability must be ruled upon before the Court reaches the issue of "severity" or "disability". ECF Np. 79 at p. 2.

### C. Discussion

"To qualify for DIB [a plaintiff] must prove that [he or she] became disabled prior to the expiration of [his or her] insured status." *Johnson v. Barnhart*, 434 F.3d 650, 655-56 (4th Cir. 2005) (citing 42 U.S.C.A. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a)(2005)). *See also Henley v. Comm'r of Soc. Sec.*, 58 F.3d 210, 213 (6th Cir. 1995) (upholding denial of disability insurance benefits where claimant failed to prove disability prior to loss of insured status)). In the instant case, and as will be explained below, Plaintiff has failed to prove that he became disabled prior to his last insured date of June 30, 2013. As a result, the undersigned believes the ALJ's decision and the decision of the Appeals Council should be affirmed.

A thorough review of the medical records Plaintiff provided to the ALJ reveals the following medical treatment:

1. **Harpers Ferry Family Medicine – Nisha Patel, M.D. (2/25/14 – 4/1/15)**

R. 269-273 are records from two different visits with Dr. Nisha Patel, one occurring on 2/25/14 and the other occurring on 7/23/14. On 2/25/14, Plaintiff received follow up treatment for a fall in which he sustained injuries. On 7/23/14, Plaintiff presented with complaints of abdominal pain and distension. Possible cirrhosis of the liver was discussed, as well as additional necessary testing. Plaintiff was to return in one month. There is no indication that he did so.

On 2/26/15 (R. 348), Dr. Patel authored a letter to what appears to be the West Virginia Department of Health and Human Resources stating that, due to lower extremity weakness and inability to walk, Mr. Fadeley would not be able to work for at least 3 months.

Finally, R. 351 reveals that Plaintiff underwent an MRI without contrast on 4/1/15 which showed multilevel, severe spinal canal stenosis with multilevel degenerative disc disease and facet osteoarthropathy and scoliosis noted. Stenosis was also seen at the T12-L1 level, causing effacement of the cerebral spinal fluid from around the lower spinal cord.

2. **Winchester Gastroenterology Associates (8/21/14 – 10/6/14)**

Plaintiff's medical records from Winchester Gastroenterology Associates (R. 276 – 298) reveals treatment for abdominal ascites and possible cirrhosis of the liver due to alcohol abuse. During his treatment here, Plaintiff underwent a paracentesis, an upper GI endoscopy and a colonoscopy. It was noted that Plaintiff was evaluated in a wheelchair due to an inability to walk. It was further noted that the chiropractor investigating Plaintiff's inability to walk thought it could be due to a nutrient deficiency as Plaintiff was not consuming much other than alcohol at the time of onset.

### 3. Winchester Medical Center, Inc. (8/21/14 – 10/6/14)

These records (R. 299 – 337) evidence the lab tests and results which Plaintiff underwent during this time period. They also evidence Plaintiff's endoscopy, coloscopy and paracentesis.

### 4. Jefferson Medical Center (11/20/14)

According to the records from Jefferson Medical Center (R. 338 – 347), Plaintiff underwent an x-ray of his lumbar spine on 11/20/14, which revealed moderate to moderate-to-severe multilevel lumbar spondyloarthropathy and atherosclerosis.

### 5. University Urgent Care – Charles Town (11/8/16 – 11/23/16)

These records (R. 353 – 358) reveal two office visits and one MRI. On 11/8/16, Plaintiff presented for treatment relative to his gout. Plaintiff returned on 11/23/16 for complaints of left leg pain and low back pain. Plaintiff underwent an MRI of his lumbosacral spine without contrast on 11/16/16 which revealed multilevel disc and facet abnormalities with severe canal stenosis at multiple levels.

Importantly, none of these records supports the contention that Plaintiff was disabled pursuant to the Social Security Act prior to his last insured date of June 30, 2013 because none of these medical records predates Plaintiff's last date insured.

### 6. Additional Medical Records

Plaintiff provided additional medical records to the Appeals Council, which are included in the administrative record (R. 25 – 32). Notwithstanding these new records, however, the Appeals Council declined to review the ALJ's decision, stating that the new evidence submitted did not show a reasonable probability that it would change the outcome of the ALJ's decision. R. 2. A review of these documents confirms the Appeals Council's determination and confirms

that that the records do not support Plaintiff's contention that he was disabled pursuant to the Social Security Act prior to his last insured date of June 30, 2013.

On 12/6/12, Plaintiff presented to the Eastern Panhandle Free Clinic to establish a new patient relationship. He complained of left hip pain for one year but denied any injury. He also complained of leg soreness and cramps about six months prior to the visit. His left knee "gives out" and he falls. He denies any injury to the knee. A history of gout in the left great toe was noted. A physical examination was primarily normal with one abnormality noted: left hip pain with deep palpitation. Plaintiff was diagnosed with hypertension and chronic left knee/hip pain of unknown etiology. Plaintiff was to obtain x-rays of his left hip and knee.

On 12/14/12, Plaintiff underwent x-rays of his left hip which revealed minimal osteoarthritic degenerative changes of the left hip. On the same date, Plaintiff underwent x-rays of his left knee which revealed mild osteoarthritic degenerative changes of the medial compartment.

Plaintiff followed up on 1/3/13. Plaintiff reported stopping the medications prescribed to him (his stated reasons are not relevant for our purposes). Plaintiff's diagnosis was generally the same. He was prescribed Skelaxin and Accupril.

There are no further records in this production.

Notwithstanding his complaints of pain and the degenerative changes seen on x-rays, there is no evidence in these records that Plaintiff's condition is disabling. These supplemental records are extremely limited in that they evidence only three (3) medical visits, and they do not discuss the allegedly disabling back condition which Plaintiff is claiming in the instant matter. Importantly, the physical examination was primarily normal with the exception of pain upon

deep palpation. There is nothing which would support a finding that Plaintiff was unable to work any job in the national economy, prior to June 30, 2013.

## V. Recommendation

Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS** that that Plaintiff's Motion for Summary Judgment be **DENIED** and Defendant's Motion [75] for Summary Judgment be **GRANTED**.

**Any party who appears *pro* se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

**A copy of such objections should be submitted to the District Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); see also *Thomas v. Arn*, 474 U.S. 140, 155 (1985).**

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and

Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 19th day of September 2019.

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE