IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

JOHN LEONARD FADELEY,

    Plaintiff,

v.                                           CIVIL CASE NO: 1:17-CV-129
                                                (Judge Kleeh)

ANDREW M. SAUL[1], Commissioner
of Social Security Administration,

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 83],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 75],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 79] OVERRULING PLAINTIFF'S OBJECTIONS
[DKT. NO. 85], AND DISMISSING THE CASE**

Pending with the Court is the Report and Recommendation ("R&R") issued by Magistrate Judge James P. Mazzone on September 19, 2019 [Dkt. No. 83] recommending that Defendant's motion for summary judgment be granted. Plaintiff, John Leonard Fadeley ("Fadeley" or "Plaintiff"), proceeding pro se[2], brought this action pursuant to Section 205(g) of the Social Security Act, as amended

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted for Defendant Nancy A. Berryhill, who was the Acting Commissioner of Social Security when this action was filed.

[2] A non-lawyer representative, Fadeley's brother-in-law David Tabb, assisted Plaintiff with his SSA application, the review process, and this matter [Dkt. No. 83 at 2].

(42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA")[3] [Dkt. Nos. 1, 1-1].

## I. BACKGROUND/PROCEDURAL HISTORY

Along with his July 24, 2017, Complaint [Dkt. Nos. 1, 1-1], Plaintiff filed an application to proceed in forma pauperis [Dkt. No. 2], which was granted by the magistrate judge on July 31, 2017 [Dkt. No. 4]. Plaintiff was provided written Notice of the General Guidelines for Appearing Pro Se in Federal Court [Dkt. No. 3], and a summons was issued to the Commissioner of the Social Security Administration ("Defendant" or "Commissioner") [Dkt. No. 5].

This case was referred to the United States Magistrate Judge for submission of proposed findings of fact and recommendation for disposition under 28 U.S.C. § 636(b)(1)(B). The Commissioner filed a motion to dismiss because Plaintiff's Complaint was filed more than sixty (60) days after the Appeals Council denial of review [Dkt. No. 17]. The motion was considered by the Magistrate Judge at an evidentiary hearing and denied [Dkt. Nos. 36, 48]. The

---

[3] The Appeals Council denied Plaintiff's request for review on May 15, 2017, and sent Plaintiff notice of the action [Dkt. No. 61-2 at 2]. The Appeals Council notes that Plaintiff submitted eight pages of additional evidence but that it was not considered because it did not show a reasonable probability that it would change the outcome of the decision [Id. at 3].

Commissioner filed an Answer to Plaintiff's Complaint on March 5, 2019, together with a copy of the Social Security Administrative Record [Dkt. Nos. 60, 61]. On May 6, 2019, Defendant filed a motion for summary judgment [Dkt. No. 75] with supporting memorandum. On May 17, 2019, pro se Plaintiff filed a response in opposition to the motion for summary judgment [Dkt. No. 79] which was treated by the Magistrate Judge as a motion for summary judgment [Dkt. No. 83 at n.1].

On September 19, 2019, after consideration of the motions, the Magistrate Judge entered a report recommending that Defendant's motion for summary judgment be granted and that Fadeley's motion for summary judgment be denied [Dkt. No. 83]. A copy of the R&R was received by Plaintiff on September 24, 2019 [Dkt. No. 84]. The R&R stated that "[a]ny party who appears pro se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection" [Dkt. No. 83, 10]. It further warned that a failure to timely file objections to the R&R will result in waiver of the right to appeal [Id.].

Fadeley filed an application for DIB on August 12, 2014, alleging disability beginning on November 19, 2010 [Dkt. No. 83,

3

2; Dkt. No. 61-6, 2-5]. Plaintiff claimed he was rendered disabled under the SSA due to an inability to walk and cirrhosis of the liver [Id.; Dkt. No. 61-7, 4-5]. The application was denied initially on November 7, 2014, and upon reconsideration on or about March 2, 2015 [Id.; Dkt. No. 61-4, 12-16, 20-22]. An administrative law hearing was held on January 10, 2017, during which Plaintiff and his non-lawyer representative, David Tabb, appeared before the Administrative Law Judge ("ALJ") [Id.; Dkt. No. 61-2, 34-54]. On February 13, 2017, the ALJ entered a decision finding that Plaintiff had not been under a disability at any time from November 19, 2010, the alleged disability onset date, through June 30, 2013, the date last insured [Id.; Dkt. No. 61-2, 13-20].

As set forth in the R&R, the ALJ found that Plaintiff was last insured on June 30, 2013, and that he did not engage in substantial gainful activity from the onset date of November 19, 2010, through his last insured date of June 30, 2013 [Dkt. No. 83, 4]. For that period, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment [Id.]. Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the SSA at any time from November 19, 2010, through June 30, 2013 [Id.].

Plaintiff asked the Appeals Council to review the ALJ's decision, and submitted eight pages of medical records that pre-

4

dated June 30, 2013 [Dkt. No. 76, 2; Dkt. No. 60-2, 2-3 and 26-32]. The records reflect mild arthritis in Plaintiff's hip and knee, mild complaints of pain, and a generally normal physical examination [Id.]. The Appeals Council determined that the additional evidence did not show a reasonable probability that it would change the decision, and declined Fadeley's request for review [Id.].

## II. APPLICABLE LAW

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court is required to make a de novo review of those portions of the R&R to which objection is timely made. However, a failure to file objections permits the district court to review the R&R under the standard that it believes to be appropriate, and if parties do not object to an issue, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Additionally, if the Plaintiff's objections simply "reiterate[] the same arguments made by the objecting party in [her] original papers submitted to the magistrate judge … the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d. 253, 260 (N.D.N.Y. 2012); See 28 U.S.C. § 636(b)(1)(A) (for those findings to which objections were not filed, the findings and recommendation

will be upheld unless they are clearly erroneous or contrary to law). Therefore, the Court will conduct a de novo review of those portions of the R&R to which a party makes new objections and will review the remaining portions of the R&R for clear error.

**B. Review of the ALJ's Decision**

The Social Security Act limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. See Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence," but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 664-65 (1988)(internal citations and quotations omitted); Perales, 402 U.S. at 401 (citations omitted). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)(internal citations and quotations omitted). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3).

Further, a reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)("This Court does not find facts or try the case de novo when reviewing disability determinations."). See Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976)("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

**C. Evaluation Process**

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is not disabled at a certain step, the ALJ does not proceed to the next step. Id.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. Next, the ALJ determines whether the claimant has a severe impairment. Then, the ALJ determines whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conducts a Residual Functional

Capacity ("RFC") assessment.  At step four, the ALJ considers the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.  See Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012)(citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found that Fadeley was not disabled because he did not engage in substantial gainful activity from the alleged onset date of November 19, 2010, through his last insured date of June 30, 2013 [Dkt. No. 83, 4; Dkt. No. 61-2, 13-20].

## III. **DISCUSSION**

In this matter, Magistrate Judge Mazzone found that the ALJ's decision is supported by substantial evidence [Dkt. No. 83, 6]. This Court agrees.  The ALJ was forthright with Plaintiff during the January 10, 2017, administrative law hearing when he explained that non-medical testimony of people familiar with Plaintiff without medical evidence of his conditions could not support a decision for DIB [Dkt. No. 61-2, 51-53].  The ALJ's decision likewise states that a medically determinable physical or medical impairment must be established by medical evidence, and that under no circumstances may evidence of impairment be established on the basis of symptoms alone in the absence of objective medical abnormalities [Dkt. No. 61-2, 18-19].

Moreover, the ALJ properly concluded that Plaintiff last met the insured status requirements for the SSA on June 30, 2013 [Dkt. No. 61-2, 18], a finding challenged by Fadeley. The DIB program provides for payment of benefits to a person who is "insured" by virtue of tax on their earnings.[4] 20 C.F.R. §§ 404.110, 404.130, 404.315. The evidence presented to the ALJ substantially supports the conclusion that Fadeley did not engage in substantial gainful activity through his last insured date of June 30, 2013, because he showed no earnings after 2010 [Dkt. No. 61-6, 7-12].

As noted in the R&R, "[t]o qualify for DIB [a plaintiff] must prove that [he or she] became disabled prior to the expiration of [his or her] insured status." Johnson, 434 F.3d at 655-56 (citations omitted); See 42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 303.101(a), 404.131(a). The Court agrees with the Magistrate Judge's conclusion – Plaintiff failed to provide that he became disabled prior to his last insured date of June 30, 2013, and the ALJ's decision and the decision of the Appeals Council

---

[4] SSA rules for determining the Date Last Insured ("DLI") in certain cases where the alleged disability is not caused by a traumatic event are complex and need not be analyzed here. The DLI is based on the earnings record and may require manual calculation. See SSA Program Operations Manual System ("POMS"), RS 00301.148 Date Last Insured; RS 00301.120 DIB Insured Status. While Plaintiff argues that the June 30, 2013, DLI was not explained to him during the benefit review process, Fadeley's earnings record is not in dispute.

should be affirmed. Although Plaintiff attempted to submit additional records to the Appeals Council that pre-date June 30, 2013, the records are limited and do not reflect a disabling condition that would support DIB. They do not support a finding that Plaintiff was unable to work in any job in the national economy prior to June 30, 2013, and were properly excluded from consideration by the Appeals Council [Dkt. No. 83 at 10].

The Plaintiff's objections to the R&R [Dkt. No. 85], filed on October 9, 2019, do nothing more than reiterate his prior arguments in submissions to the Court. He offers nothing new to dispute the June 30, 2013, date last insured, as he had no earnings after 2010, and incorrectly states that the Magistrate Judge failed to address the substance of the additional records sent to the Appeals Council [Id. at 2]. The R&R analyzed the supplemental records and determined that they do not support Plaintiff's contention that he was disabled pursuant to the SSA prior to June 30, 2013 [Dkt. No. 83, 8-12]. The Court agrees. Plaintiff's objections are without merit.

## IV. CONCLUSION

Accordingly, for the reasons stated herein and because the final decision of the Commissioner is supported by substantial evidence, the Court:

1) **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 83] in its entirety;

2) **GRANTS** the Defendant's Motion for Summary Judgment [Dkt. No. 75];

3) **DENIES** Plaintiff's response brief or Motion for Summary Judgment [Dkt. No. 79];

4) **OVERRULES** Plaintiff's Objection to the Report and Recommendations [Dkt. No. 85];

5) **DISMISSES** this matter; and

6) **DIRECTS** the Clerk to enter a separate judgment order in favor of Defendant Commissioner and to **STRIKE** this matter from the Court's docket.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record, and to the pro se Plaintiff, via Certified Mail, return receipt requested, at his last known address as reflected on the docket.

**DATED**: March 31, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE